UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NATURES WAY MARINE, LLC | * | CIVIL ACTION NO.: |
| UNDERWRITERS SUBSCRIBING TO | * | |
| P&I POLICY NO. HPI-12-130322, AND | * | IN ADMIRALTY |
| UNDERWRITERS SUBSCRIBING TO | * | RULE 9(H) |
| EXCESS POLICY NO. | * | |
| MUS333398-12-1 | * | |
| | * | |
| VS | * | |
| | * | |
| UNDERWRITERS SUBSCRIBING TO | * | |
| CARGO POLICY NO. B0180P133593 | * | |
| | * | |
| *       *       *       *       *       * | * | |

**COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, Natures Way

Marine, LLC, P&I Underwriters subscribing severally to Policy No. HPI-12-130322 and

Bumbershoot Underwriters subscribing to Policy No. MUS333398-12-1 which bring the

following Complaint against Underwriters Subscribing to Cargo Policy No. B0180P133593:

**PARTIES**

1.

Plaintiff Natures Way Marine, LLC is the owner of the M/V NATURES WAY

ENDEAVOR, an inland pushboat that was on or about January 29, 2013, involved in an

allision with the Vicksburg River Bridge.

2.

Plaintiffs P&I Underwriters subscribing severally to Policy No. HPI-12-130322, and

Bumbershoot Underwriters subscribing to Policy No. MUS333398-12-1 are underwriters for

Natures Way Marine, LLC.  The P&I policies, subject to their terms and conditions, provided

coverage to Natures Way Marine, LLC ("Natures Way") relative for the policy period 22nd

March 2012 – 22nd March 2013.  Plaintiffs are foreign underwriters authorized to do business within this district and doing business within this district.

3.

Defendants, Underwriters subscribing to Marine Cargo Insurance Policy No. B0180P133593 ("The Cargo Policy") provided coverage to Third Coast Towing, LLC as a named insured and Natures Way Marine, LLC as an additional insured subject to the Cargo Policy's terms and conditions.

## JURISDICTION

4.

This is a maritime and admiralty claim, regarding the interpretation of a marine insurance policy and regarding a marine accident.  Jurisdiction is proper in this Honorable Court pursuant to 28 U.S.C. § 1333.

5.

This action for is brought pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201.

## FACTS

6.

On January 29, 2013, the M/V NATURES WAY ENDEAVOR and its tow, the MOC 12 and MOC 15, two barges laden with crude oil and owned by Third Coast Towing, LLC, allided with the Vicksburg River Bridge.  In the time following the allision, a large scale salvage and recovery operation was undertaken by Third Coast and its agents with the objectives of preserving the cargo of crude oil and mitigating and remedying its loss.  Third Coast asserted claims against Natures Way seeking to recover the expenses of this operation.

2

7.

P&I Underwriters have undertaken the defense of Natures Way against the claims asserted by Third Coast in the above-captioned matter, and P&I Underwriters have paid and continue to pay all defense costs associated with this matter.

8.

P&I Underwriters have made full and final settlement to Third Coast in the amount of $2,000,000 and to Natures Way in the amount of $106,350 relative to the casualty.  These amounts included in excess of $1,000,000 in payments for invoices relating to preservation of, hauling, and disposal of cargo and these amounts are properly owed and payable by Cargo Underwriters.

## Complaint against Cargo Underwriters

9.

Made defendant are Underwriters subscribing to the Cargo Policy issued to Third Coast Towing, LLC ("Cargo Underwriters").   Service upon Cargo Underwriters may be made by service upon Mendes & Mount, 750 Seventh Ave., New York, NY 10019-6829.  At all pertinent times and subject to the terms of the policy, Cargo Underwriters provided cargo cover to Third Coast Towing and to Natures Way as an additional insured under the Cargo Policy.

10.

Cargo Underwriters for Third Coast issued the Cargo Policy to Third Coast for the period from January 1, 2013 to January 1, 2014.  The Cargo Policy provides coverage for Extra Expenses, as follows:

EXTRA EXPENSE CLAUSE

It is understood and agreed that following the operation of an insured peril, where extra expenses are incurred to destroy or otherwise dispose of the damaged goods, or where extra expenses [. . .] are incurred to discharge from the vessel [. . .] or to forward property to original or substitute destination such expenses will

be recoverable in full in addition to the damage to the insured interests. Underwriters shall not be liable under this coverage for more than USD 500,000 each and every loss and in the annual aggregate.

11.

The Cargo Policy provides cover for removal of debris expenses, as follows:

REMOVAL OF DEBRIS CLAUSE

It is agreed that subject to the operation of an insured peril, underwriters will pay costs and expenses reasonably incurred by the Insured in connection with:

(1) removal of debris and/or destruction of damaged goods;
(2) the transfer of items covered hereunder from one conveyance to another [. . .]

The indemnity provided by this clause shall be in addition to the indemnity provided elsewhere herein but limited to a further 10% of the insured value of the goods lost or damaged.

12.

The Cargo Policy provides cover for sue and labor expenses, as follows:

SUE AND LABOUR

In case of any imminent or actual loss or misfortune, it shall be lawful and necessary to and for the Insured, his or their factors, servants and assigns, to sue, labor and travel for, in and about the defence, safeguard and recovery of the said property, or any part therefore without prejudice to his insurance; nor shall the acts of the Insured or insurer in recovering, saving and preserving the property insured, in case of disaster, be considered a waiver or an acceptance of abandonment; to the charges whereof the said insurer will contribute according to the rate and quantity of the sum herein insured.

13.

Natures Way is an additional insured under the Cargo Policy pursuant to a charter party entered into between Natures Way and Third Coast dated October 17, 2012. Specifically, Third Coast ("Charterer") agreed "Insurance on the cargo shall be carried or assumed by Charterer for Charterer's account, with [Natures Way] named as additional

insured.   Charterer, at Charterer's expense, shall also arrange for cargo underwriters to waive right of subrogation against [Natures Way]."

14.

In excess of $1,000,000 of the amount paid by P&I Underwriters to Natures Way are related to the cost of recovering lost oil or to hauling, terminaling, and disposing of oil or are otherwise covered under the Cargo Policy.

15.

To the extent the Cargo Policy provides coverage, the Cargo Policy is primary.

16.

To the extent P&I Underwriters, for and on behalf of Natures Way, have made payment to Third Coast Towing, LLC relative to the loss for losses covered under the Cargo Policy, P&I Underwriters are entitled to recovery from Cargo Underwriters in full.

17.

Third Coast Towing, LLC has tendered any claim it has against Cargo Underwriters to P&I Underwriters.   P&I Underwriters are entitled to recovery from Cargo Underwriters for any payment owed by Cargo Underwriters to their named insured, Third Coast Towing, LLC, along with costs and interest.

18.

WHEREFORE, Plaintiffs P&I Underwriters and Natures Way respectfully pray that this Honorable Court, after due proceedings are had, render judgment herein in favor of P&I Underwriters and Natures Way and against Cargo Underwriters as prayed herein.

Respectfully submitted,

**DUNCAN & SEVIN, L.L.C.**

_____/s/Harry E. Morse_____
**HARRY E. MORSE, T.A. (#31515)**
**KELLEY A. SEVIN (#25871)**
**EMMITT L. DUBOSE III (#35113)**
400 Poydras Street, Suite 1200
New Orleans, LA  70130
Telephone: (504) 524-5566
Facsimile: (504) 524-9003
E-Mail: hmorse@duncansevin.com
E-Mail: ksevin@duncansevin.com
E-Mail: tdubose@duncansevin.com